IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

Summary Calendar
No. 02-60624
_____

STEPHEN MICHAEL COMBS,

                              Plaintiff-Appellee,

versus

JAMES HOLMAN, Etc.; ET AL.,

                              Defendants,

NORRIS W. KENNEDY, Officially and Individually,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
(00-CV-36)
--------------------
March 14, 2003

Before HIGGINBOTHAM, DAVIS, and WIENER, Circuit Judges.

PER CURIAM:*

     Plaintiff-Appellee Stephen Michael Combs' motion to dismiss

Norris W. Kennedy's appeal for lack of jurisdiction is GRANTED.  we

have jurisdiction of "appeals from all final decisions of the

district courts."  28 U.S.C. § 1291.  "[A] district court's denial

of a claim of qualified immunity, to the extent that it turns on an

issue of law, is an appealable 'final decision' within the meaning

     *  Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). The rationale of the Supreme Court in extending the collateral order doctrine of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949) to appeals from denials of qualified immunity was that the "entitlement is an *immunity from suit* rather than a mere defense to liability" and would be "effectively lost if a case [was] erroneously permitted to go to trial." Mitchell, 472 U.S. at 526 (italics in original). Mitchell was an appeal from a denial of qualified immunity raised in a motion for summary judgment. A district court's denial of summary judgment on the issue of qualified immunity "conclusively determines the defendant's claim of right not to *stand trial*" and that is the basis for the court's decision to allow an immediate appeal. Id. at 527 (italics in original).

That rationale does not apply in this case. Kennedy could have appealed the district court's denial of summary judgment in its order of July 18, 2001, but he did not do so. He seeks to appeal now, after a trial on liability, but before the second stage of these bifurcated proceedings, in which the district court will determine, not liability for damages, which has already been decided against Kennedy, but the amount of damages. "An order that determines the issue of liability but leaves unresolved the assessment of damages is not final within the meaning of section

1291." Southern Travel Club v. Carnival Air Lines, Inc., 986 F.2d 125, 129-30 (5th Cir. 1993).

The policy of the final judgment rule against piecemeal and duplicative litigation, as embodied in 28 U.S.C. § 1291, is offended by Kennedy's attempted appeal in this case. Matter of U.S. Abatement Corp., 39 F.3d 563, 567 (5th Cir. 1994). Kennedy's arguments can be considered and reviewed in an appeal from any final judgment that follows the district court's assessment of damages.

MOTION GRANTED; APPEAL DISMISSED.